Youssef H. Hammoud(SBN: 321934)
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: 949-301-9692
F: 949-301-9693
E: yh@lawhammoud.com

Attorneys for Plaintiff,
*Corinne Wilkerson, individually and*
*on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Corinne Wilkerson, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CMRE Financial Services, Inc., <br><br> Defendant. | Case No: 2:22-cv-2113 <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff, Corinne Wilkerson, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against Defendant, CMRE Financial Services, Inc., as follows:

## INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* (the "RFDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3. This court has jurisdiction over Defendant, CMRE Financial Services, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## **PARTIES**

5. Plaintiff, Corinne Wilkerson ("Plaintiff") is a natural person who, at all times relevant hereto, was a residing in Los Angeles County, State of California.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by Cal. Civ. Code § 1788.2.(g).

8. Defendant, CMRE Financial Services, Inc. ("Defendant") is a company existing under the laws of the State of California, with its principal place of business in Brea, CA.

9. Defendant has transacted business within this state as is more fully set forth hereinafter in this Complaint.

10. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

11. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. The principal purpose of Defendant's businesses is the collection of such debts.

13. Defendant uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

14. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

16. The acts of Defendant as described in this Complaint were performed by Defendant or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or its owners, officers, agents, and/or employees.

## **FACTUAL ALLEGATIONS**

17. Defendant alleges Plaintiff owes a debt to Ridgeline Emerg Med Grp Inc (the "alleged Debt").

18. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. Plaintiff did not owe $164.52 ("the Claimed Amount") to Ridgeline Emerg Med Grp Inc.

20. Plaintiff did not owe the alleged Debt to Ridgeline Emerg Med Grp Inc as payment was made to Defendant for the same debt.

21. As such, the Defendant does not have the right to collect $162.52.

22. The alleged Debt does not arise from any business enterprise of Plaintiff.

23. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

24. The alleged Debt is a "debt" as that term is defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

25. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27. In its efforts to collect the alleged Debt, Defendant decided to contact Plaintiff by written correspondence.

28. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

29. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor by electronic means.

30. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the account number, the entity to which Plaintiff allegedly owed the debt, and the fact that the alleged debt concerned Plaintiff's medical treatment, among other things.

31. In fact, Defendant conveyed it was a debt collector and attempting to collect a debt from Plaintiff.

32. Defendant's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

33. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the correspondence to Plaintiff at Defendant's direction.

34. A correspondence, dated September 21, 2021, was received and read by Plaintiff (the "Letter").

35. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

36. The FDCPA prohibits the sharing of information regarding a consumer *"without the prior consent of the consumer given directly to the debt collector, or the express permission of a*

- 4 -
COMPLAINT AND DEMAND FOR JURY TRIAL

*court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy…"* See 15 U.S.C. § 1692c(b).

37. In the relevant part, Section 1692c(b) states, *"a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."* See 15 U.S.C. § 1692c(b).

38. The sharing, transferring, or communicating of Plaintiff's information is prohibited by law.

39. Plaintiff did not provide prior consent to the sharing of her information with third parties.

40. Plaintiff did not provide her prior consent to the sharing of her information with the third party letter vendor Defendant utilized.

41. Defendant's intentional or negligent conduct of sharing, transferring, or communicating of Plaintiff's personal and sensitive information without Plaintiff's prior consent, caused an invasion into Plaintiff's individual privacy, which caused Plaintiff concern, embarrassment, anxiety, worry, sleeplessness, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time.

42. The Letter indicates the current creditor as Ridgeline Emer Phys Med Grp Inc.

43. Plaintiff did not owe the current creditor $164.52.

44. In fact, the last statement from the current creditor indicates a lesser amount than $164.52.

45. The Letter states, in the relevant part, *"As of the date of this letter, you owe $164.52. Because of interest that may vary from day to day, the amount due on the day you pay may be*

- 5 -

COMPLAINT AND DEMAND FOR JURY TRIAL

*greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the check for collection."*

46. The alleged Debt owed to the current creditor was a static balance and was not accruing interest.

47. Defendant did not have any right to accrue interest on the alleged Debt.

48. Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

49. Plaintiff out of fear of the balance increasing due to interest, paid the alleged Debt.

50. In fact, Plaintiff paid $167.13 to Defendant for the alleged Debt.

51. Defendant did not have the right to collect $167.13 from Plaintiff.

52. Defendant's statement was false, misleading, and/or deceptive, in violation of 15 U.S.C. § 1692e.

53. Defendant's conduct of intentionally confusing and misleading consumers, constitutes unfair and unconscionable acts, in violation of 15 U.S.C. § 169f.

54. As a result of Defendant's conduct, Plaintiff suffered anxiety and emotional distress, which caused Plaintiff to retain counsel.

55. Plaintiff had to spend time in order to retain counsel to investigate Defendant's conduct described herein.

56. The foregoing conduct of Defendant violates the FDCPA and RFDCPA entitling Plaintiff to statutory damages and actual damages, along with reasonable attorneys' fees.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

59. The third-party vendor does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

60. Plaintiff never consented to Defendant's communication with the third-party vendor concerning the alleged Debt.

61. Plaintiff never consented to Defendant's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

62. Plaintiff never consented to Defendant's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

63. Upon information and belief, Defendant has utilized a third-party vendor for these purposes thousands of times.

64. Defendant utilizes a third-party vendor in this regard for the sole purpose of maximizing its profits.

65. Defendant utilizes a third-party vendor without regard to the propriety and privacy of the information which it discloses to such third-party.

66. Defendant utilizes a third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Defendant's unauthorized disclosure of such private and sensitive information.

67. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right to privacy.

68. Defendant utilizes a third-party vendor with reckless disregard for Plaintiff's right against public disclosure of Plaintiff's private facts.

69. Defendant violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

70. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

71. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

72. Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor.

73. Defendant violated 15 U.S.C. § 1692f when it disclosed Plaintiff's private and sensitive information to the third-party vendor.

74. As relevant here, Congress enacted the FDCPA upon finding that existing laws and procedures for redressing invasions of individual privacy during the debt collection process were inadequate to protect consumers. 15 U.S.C. § 1692(a)-(b).

75. Specifically, Congress sought to protect consumers from communications by debt collectors to third parties. *See* S. Rep. No. 95-382, at 4 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1698.

76. As such, a violation of Section 1692c(b) has a close relationship to an invasion of privacy.

77. A violation of Section 1692c(b) is an invasion of privacy.

78. As described herein, Defendant violated Section 1692c(b).

79. As described herein, Defendant invaded Plaintiff's privacy.

80. A violation of Section 1692c(b) also has a close relationship to a public disclosure of private facts.

81. A violation of Section 1692c(b) is a public disclosure of private facts.

82. As described herein, Defendant violated Section 1692c(b).

83. As described herein, Defendant publicly disclosed Plaintiff's private facts.

84. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## SECOND COUNT
## Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10)

85. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

86. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

87. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

88. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

89. An allegation by a debt collector that a consumer owes a debt to a certain entity when the consumer does not owe a debt to that entity is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

90. An allegation by a debt collector that a consumer owes a certain amount of money when the consumer does not that amount is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

91. As previously stated, Plaintiff did not owe the amount Defendant alleges is owed by Plaintiff.

92. The contention that Plaintiff owed $164.52 to Ridgeline Emer Phys Med Grp Inc., when Plaintiff did not owe $164.52, is a false, misleading, and/or deceptive representation, in violation of 15 U.S.C. § 1692e.

93. The contention that Plaintiff owed $164.52 to Ridgeline Emer Phys Med Grp Inc., when Plaintiff did not owe $164.52, is a false representation of the character, amount, or legal status of the alleged Debt, in violation of 15 U.S.C. § 1692e(2)(A).

94. The contention that Plaintiff owed $164.52 to Ridgeline Emer Phys Med Grp Inc., when Plaintiff did not owe $164.52, is a false representation or deceptive means to collect or attempt to collect the alleged Debt, in violation of 15 U.S.C. § 1692e(10)

95. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f

96. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

97. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

98. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

99. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

100. 15 U.S.C. § 1692f provides,

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

101. The Letter states, in the relevant part, *"As of the date of this letter, you owe $164.52. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the check for collection."*

102. The alleged Debt owed to the current creditor was a static balance and was not accruing interest.

103. Defendant did not have any right to accrue interest on the alleged Debt.

104. Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

105. Plaintiff out of fear of the balance increasing due to interest, paid the alleged Debt.

106. In fact, Plaintiff paid $167.13 to Defendant for the alleged Debt.

107. Defendant did not have the right to collect $167.13 from Plaintiff.

108. Upon information and belief, Defendant has a pattern and practice of telling unsuspecting consumers that interest is accruing on debts, when in fact interest is not accruing and/or Defendant has not right to accrue interest, which is being done solely for the sake of profits, in an effort to secure quick payments from unwitting consumers, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692(10), and 1692f.

109. In fact, Defendant's false, misleading, and/or deceptive representation that interest was accruing caused Plaintiff to make a payment towards the alleged Debt.

110. Due to Defendant's false, misleading, and/or deceptive representation that interest was accruing caused Defendant to receive more money than the true balance of the alleged Debt.

111. Defendant's intentional or negligent conduct of threatening Plaintiff that interest is accruing, when in fact interest is not accruing and/or Defendant has no right to accrue interest, caused Plaintiff confusion, anxiety, worry, and emotional distress, causing Plaintiff to spend time

to retain counsel, causing her loss of time, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

112. Defendant's threat of interest accruing on the alleged Debt when interest was not accruing and/or Defendant had no right to accrue interest, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f.

113. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violation of 15 U.S.C. §§ 1692g & 1692g(a)(1)

114. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

115. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

116. As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a statement of the amount of the debt.

117. To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

118. A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

119. As set forth in paragraphs 39 through 50 of this Complaint, Plaintiff did not owe the amount Defendant claimed

120. As such, Defendants did not accurately set forth the actual amount of the alleged Debt as required by 15 U.S.C. § 1692g(a)(1).

121. In sum, Defendants' statement of the amount of the alleged Debt, when Plaintiff did not owe that amount, violates 15 U.S.C. § 1692g(a)(1).

122. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692g and 1692g(a)(1) and are liable to Plaintiff therefor.

### FIFTH COUNT
### Violation of Cal. Civ. Code § 1788.13(e)

123. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

124. Cal. Civ. Code § 1788.13(e) prohibits debt collectors from the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation.

125. The Letter states, in the relevant part, *"As of the date of this letter, you owe $164.52. Because of interest that may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you before depositing the check for collection."*

126. The alleged Debt owed to the current creditor was a static balance and was not accruing interest.

127. Defendant did not have any right to accrue interest on the alleged Debt.

128. Defendant intentionally provides false, misleading, and/or deceptive statements intended to have a coercive effect to pressure consumers into sending money quickly.

129. Plaintiff out of fear of the balance increasing due to interest, paid the alleged Debt.

130. In fact, Plaintiff paid $167.13 to Defendant for the alleged Debt.

COMPLAINT AND DEMAND FOR JURY TRIAL

131. Defendant did not have the right to collect $167.13 from Plaintiff.

132. Upon information and belief, Defendant has a pattern and practice of telling unsuspecting consumers that interest is accruing on debts, when in fact interest is not accruing and/or Defendant has not right to accrue interest, which is being done solely for the sake of profits, in an effort to secure quick payments from unwitting consumers, in violation of Cal. Civ. Code § 1788.13(e).

133. In fact, Defendant's false representation that interest was accruing caused Plaintiff to make a payment towards the alleged Debt.

134. Due to Defendant's false representation that interest was accruing caused Defendant to receive more money than the true balance of the alleged Debt.

135. Defendant's intentional or negligent conduct of falsely representing that interest is accruing, when in fact interest is not accruing and/or Defendant has no right to accrue interest, caused Plaintiff confusion, anxiety, worry, and emotional distress, causing Plaintiff to spend time to retain counsel, causing her loss of time, in violation of Cal. Civ. Code § 1788.13(e).

136. Defendant's false representation that interest is accruing on the alleged Debt when interest was not accruing and/or Defendant had no right to accrue interest, violates Cal. Civ. Code § 1788.13(e).

137. For the foregoing reasons, Defendant violated Cal. Civ. Code § 1788.13(e) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

138. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of California.

139. Plaintiff seeks to certify two classes of:

i. All consumers where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

ii. All consumers where Defendant sent a letter in an attempt to collect a consumer debt whereby the Defendant stated that interest was accruing when in fact interest was not accruing and/or Defendant did not have the right to accrue interest, which letter was sent on or after a date one year prior to the filing of this action to the present.

140. This class action seeks a finding that Defendant's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

141. The Class consists of more than thirty-five persons.

142. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

143. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

144. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendant's actions violate the FDCPA and RFDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding damages to Plaintiff pursuant to Cal. Civ. Code § 1788.30(b); and

g. Awarding Plaintiff's attorneys' fees pursuant to Cal. Civ. Code § 1788.30(c); and

h. Awarding Plaintiff punitive damages to be determined at trial, for the sake of example and punishing defendant for its malicious conduct, pursuant to Cal. Civ. Code § 3294; and

i. Awarding the costs of this action to Plaintiff; and

j. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

k. Such other and further relief that the Court determines is just and proper.

DATED: March 30, 2022

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
HAMMOUD LAW, P.C.
3744 E. Chapman Ave., #F12269
Orange, CA 92859
T: (949) 301-9692
F: (949) 301-9693

E: yh@lawhammoud.com

*Attorneys for Plaintiff*
*Corrine Wilkerson, individually and on behalf of all others similarly situated*